RECEIVED
IN LAKE CHARLES, LA

JAN - 4 2011

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2:08 CR 00042-001 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| ERICK DWAYNE SIMON | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Presently before the court is the defendant's Motion under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence [doc. 44]. The Government filed an Answer [doc. 50]. The defendant did not file a Reply.

PROCEDURAL HISTORY

The defendant, Erick Dwayne Simon ("Simon"), pleaded guilty to a one-count indictment charging him with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).

The Presentence Investigation Report ("PSR") determined that because of the defendant's three prior felony drug distribution convictions he was subject to sentencing as an "armed career criminal" pursuant to 18 U.S.C. § 924(e) (PSR,¶21). Pursuant to U.S.S.G. § 4B1.4(a), the defendant's suggested offense level was adjusted to 30 (PSR, ¶ 21). Simon's criminal history score totaled 13 points due to prior felony and misdemeanor criminal convictions. This resulted in a criminal history category VI (PSR,¶ 30). Simon's offense level of 30 and criminal history category VI correlated to an advisory guideline sentencing range of 168 to 210 months imprisonment (PSR,

¶ 54). However, because the defendant was subject to a mandatory minimum sentence of 15 years (180 months) under § 924(e), his advisory range was adjusted to 180 to 210 months pursuant to U.S.S.G. § 5G1.1(c)(2) (PSR, ¶55). Neither the United States nor the defendant filed any objections to the PSR (Addendum to PSR, p. 1).

Simon was sentenced to 180 months imprisonment, the mandatory statutory minimum, to be followed by a five-year term of supervised release (Sent., p. 4). He did not object to the sentence. The judgment was entered on October 23, 2008 and on October 29, 2008, Simon filed a timely *pro se* notice of appeal (Doc. 32).

The defendant appealed arguing that 1) the district court committed plain error for its failure to verify that defendant and his counsel had read and discussed the PSR; 2) that the district court had failed to adopt the findings and conclusions in the PSR after confirming whether they were accurate; and 3) that the court had failed to articulate its reasons for imposition of the sentence.

The Fifth Circuit rejected the defendant's assertions of error in an unpublished decision filed on October 19, 2009 under docket number 08-31116. The court found that the district court had imposed the statutorily mandated minimum sentence under § 924(e) and that the defendant had failed to demonstrate "how any of the alleged errors could have resulted in a different sentence." Therefore, the defendant had failed to demonstrate "reversible plain error." The judgment was issued as mandate on November 10, 2009.

Simon has sought no other federal remedies, nor has he applied for any writ of certiorari. His motion pursuant to 28 U.S.C. § 2255 was filed timely on October 12, 2010.

## STATEMENT OF FACTS

The facts are taken from the PSR and the stipulated factual basis filed in the record when

defendant pleaded guilty.

On January 16, 2007, officers with the Lake Charles Police Department responded to a report of domestic violence (PSR, para. 6). Shermane Bartie, the victim of an alleged battery, had called the police from a neighbor's house and reported that defendant had slapped her and that he might be armed with a pistol (PSR, para. 6).

When the officers arrived Bartie showed them her swollen lip and told them Simon was still in her apartment and that she wanted him removed (PSR, para. 6). When the officers made contact with the defendant in the apartment they asked him if he was armed (PSR, para. 6). Initially, the defendant denied that he was armed but when an officer began patting him down he admitted that he had a gun in his coat pocket (PSR, para. 6). The officer retrieved a 22 caliber revolver from Simon's pocket. After confirming that the defendant had a prior felony conviction, the officer arrested Simon as a felon in possession of a firearm (PSR, para. 6). Officers later confirmed that the firearm had been stolen (PSR, para. 7).

Prior to his possession of the firearm on January 16, 2007, the defendant had been convicted of various felony offenses, including three prior felony convictions for distribution of cocaine on three different dates, two convictions for possession of cocaine, and a conviction for simple burglary (PSR, paras. 25-28).

## LAW AND ANALYSIS

Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.[1]

---

[1] *United States v. Vaughn,* 955 F.2d 367, 368 (5th Cir.1992).

"A 'collateral challenge may not do service for an appeal.' "[2] A defendant who raises a constitutional or jurisdictional issue for the first time on collateral review must show "both 'cause' for his procedural default, and 'actual prejudice' resulting from the error."[3] The 28 U.S.C. § 2255 cause and actual prejudice standard presents a significantly higher hurdle than the plain error standard of review that is applied on direct appeal.[4] The only exception to the cause and prejudice test is the "extraordinary case ... in which a constitutional violation has probably resulted in the conviction of one who is actually innocent."[5] Simon has not asserted actual innocence.

Simon asserts ineffective assistance of counsel. He asserts that: 1) his counsel rendered ineffective assistance by advising him to sign a written plea agreement admitting that he had previously sustained three drug trafficking convictions committed on separate occasions; and 2) his counsel was in effective for failing to object to the PSR and to argue at sentencing and on appeal that the armed career criminal enhancement could not be based upon the Calcasieu Parish Sheriff's report.

To establish ineffective assistance of counsel requires showing both that counsel's performance was deficient and that such deficient performance prejudiced the defense.[6] Deficient performance is based on an objective standard of reasonableness, considering all the circumstances.[7]

---

[2] *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir.1991) (en banc).

[3] *Id.* at 232.

[4] *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir.1992).

[5] *Id.*

[6] *Id.* at 687.

[7] *Id.* at 688.

Further, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and judicial review is highly deferential to counsel's performance.[8]

In the context of a guilty plea, prejudice is present if there is a reasonable probability, that absent counsel's errors, the defendant would not have entered a guilty plea and would have insisted on a trial.[9] Since the defendant pleaded guilty, all non-jurisdictional defects in the proceedings against the defendant are waived. This waiver includes all claims of ineffective assistance of counsel except insofar as the alleged ineffectiveness relates to the voluntariness of the guilty plea.[10]

Regardless of his attorney's performance, "the conviction should be upheld if the plea was voluntary," for if the plea is voluntary, there is no prejudice.[11] The burden of proof is on a § 2255 petitioner to prove his allegations. The defendant has introduced no evidence that this court did not comply with the provisions of Rule 11 of the Federal Rules of Criminal Procedure, requiring that "the court... shall not accept the (guilty) plea without first determining that the plea is made voluntarily with understanding of the nature of the charge.[12] The defendant has not established that his alleged ineffective assistance of counsel resulted in an involuntary guilty plea.

---

[8] *Id.* at 689.

[9] *Hill v. Lockhart*, 106 S.Ct. 366 (1985); *Theriot v. Whitley*, 18 F.3d 311, 313 (5th Cir. 1994).

[10] *Strickland v. Washington*, 466 U.S. 668 (1984) ; United States v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000); *United States v. Smallwood*, 920 F.2d 1231, 1240 (5th Cir. 1991); *Smith v. Estelle*, 711 F.2d 677 (5th Cir. 1983).

[11] *Deville v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994).

[12] *Munich v. United States*, 337 F.2d 356 (9th Cir. 1964); *Domenica v. United States*, 292 F.2d 483 (1st Cir. 1961).

None of the defendant's allegations invalidate the voluntariness of his guilty plea. It appears that the defendant is, in actuality, challenging the calculation of his guidelines range pursuant to U.S.S.G. § 4B1.4 and the imposition of the mandatory 15-year sentence under 18 U.S.C. § 924(e).

Simon voluntarily pleaded guilty after being advised in court that he faced a minimum sentence of 15 years and a maximum sentence of life, if the three prior drug trafficking convictions met the definition of Section 924(e) (GP, pp. 5-6). This court explained both the basic sentence for conviction of 18 U.S.C. § 922(g) without the application of Section 924(e), and the 15-year mandatory minimum "[I]f it turns out that you have three . . . drug trafficking felonies that were committed on three separate occasions . . . ." (GP, p. 6).

Simon has failed to support his claim that the three convictions to which he admitted and which were verified by the probation office were not valid convictions for purposes of enhancement under§ 924(e). The reference in the PSR to the Sheriff's investigative report does not change that result.

The prior drug offenses used to enhance the defendant's sentence occurred on three different dates. The defendant argues that they involved the same purchaser each time. This is irrelevant under the law. Simon pleaded guilty to all three offenses at the same time, a factor that does not preclude application of the enhancement either.[13] This claim is not of constitutional dimension and could have been raised on direct appeal. The failure to raise the issue on direct appeal bars the defendant from raising this issue in a §2255 motion.

The defendant also argues that his counsel was ineffective for failing to raise this issue at

---

[13] *United States v. Ressler*, 54 F.3d 257 (5th Cir. 1995).

sentencing and on direct appeal. Simon has failed to demonstrate any error in the use of these three prior convictions to enhance his sentence. The three convictions are felony drug trafficking convictions for three separate offenses committed on three separate days.

Simon argues that because the informant was unable to pay for the full amount of drugs he had ordered, the informant purchased the drugs on three separate occasions and, therefore, the three separate purchases constitute only one offense, one conviction. As noted by the Government in the opposition to this motion, this argument is incorrect. The court held in *United States v. White*, 465 F.3d 250, 253 (5th Cir. 2006) that "multiple convictions arising from the same judicial proceeding, but separate criminal transactions constitute multiple convictions for purposes of §924(e)." The "critical" inquiry is whether the separate offenses occurred sequentially.[14]

Because the statute that the defendant violated, 18 U.S.C. § 922(g), ordinarily carries a maximum sentence of 10 years, the defendant's 15-year term of imprisonment would be "in excess of the maximum authorized by law," 28 U.S.C. § 2255, which is a ground for post-conviction relief.It is Simon's burden to demonstrate that it was error to consider the three drug trafficking offenses as three separate felony drug trafficking offenses rather than one.

In *United States v. Brown*, 437 F.3d 450, 450 -451 ( 5th Cir. 2006), the defendant pleaded guilty to possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). As part of the plea agreement, Brown stipulated that he had been previously convicted of two counts of simple robbery and one count of possession of cocaine. The probation office issued a presentence report ("PSR"), which stated Brown had also been convicted of second degree battery and

---

[14] *Id.*

distribution of cocaine. Due to these additional convictions, the probation officer observed that Brown was eligible to be sentenced under the Armed Career Criminal Act ("ACCA"), pursuant to 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4. The court affirmed this reasoning.

Simon has failed to demonstrate that his convictions for three drug trafficking felony offenses on three separate days, even if the sales were to the same individual, are not three separate felony drug trafficking offenses for purposes of § 924(e). Therefore, his attorneys were not ineffective for their failure to object at sentencing or to raise the issue on direct appeal.

Additionally, the defendant's counsel was not ineffective in allowing defendant to admit to these three convictions in his plea agreement because the defendant's admission to the fact of the conviction does not, alone, qualify the convictions as felony drug trafficking offenses. Sufficient evidence was introduced to support these prior convictions. Simon's counsel had no valid basis on which to claim that § 924(e) could not be applied to enhance defendant's sentence.

Accordingly, this 2255 motion will be denied.

Lake Charles, Louisiana, this 4th day of January, 2011.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE