**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

UNITED STATES OF AMERICA      :       CASE NO. 2:08-cr-0042

VERSUS                 :       JUDGE MINALDI

ERICK DWAYNE SIMON       :       MAGISTRATE JUDGE KAY

## REPORT AND RECOMMENDATION

Before the court is a Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255 by defendant Erick Dwayne Simon. Doc. 76. This motion was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

For reasons stated below, **IT IS RECOMMENDED** that the motion be **DISMISSED WITHOUT PREJUDICE** as a successive § 2255 motion filed without prior authorization from the Fifth Circuit.

## I.
### BACKGROUND

Pursuant to a plea agreement, Simon was convicted in this court on June 2, 2008, of one count of possession of a firearm by a convicted felon, a violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Docs. 23 & 24; *see* doc. 1. According to the stipulated factual basis for his guilty plea, Simon was subject to a penalty enhancement under the Armed Career Criminal Act ("ACCA") based on prior convictions in state court. Doc. 23, atts. 1 & 2. He was sentenced to a 180 month term of imprisonment on October 10, 2008, the minimum allowed under 18 U.S.C. § 924(e). Docs. 28, 29; *see* doc. 23, att. 1.

Simon filed his first motion to vacate under 28 U.S.C. § 2255, pro se, on October 12, 2010. Doc. 44. After ordering a response from the government, the court denied his motion on the merits. Doc. 52. Simon sought review in the United States Fifth Circuit Court of Appeal, which affirmed the trial court's judgment. Doc. 60. He then filed a motion to modify sentence and vacate enhancement in the trial court, which was construed as a successive § 2255 and dismissed based on Simon's failure to obtain authorization from the Fifth Circuit, infra. Docs. 61, 64. Simon filed a notice of appeal to the Fifth Circuit, but his appeal was dismissed for want of prosecution on October 15, 2012. Docs. 65, 74.

On April 11, 2016, this court received the instant § 2255 motion from Simon, requesting relief based on the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015). Doc. 76. Under the court's standard procedural and administrative orders governing *Johnson*-based § 2255 motions, the Office of the Public Defender was appointed to represent Simon. Doc. 77. The government has not filed any opposition to the motion, and Simon's attorney has now withdrawn. Docs. 80, 81. No further administrative or procedural order has been entered as to this matter. Accordingly, the motion is now ripe for review.

## II.
### LAW AND ANALYSIS

Following conviction and exhaustion or waiver of the right to appeal, the court presumes that a defendant "stands fairly and finally convicted." *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991) (quoting *United States v. Frady*, 102 S.Ct. 1584, 1592 (1982)). Relief under § 2255 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

Because Simon's first § 2255 motion was adjudicated on the merits, the instant motion qualifies as successive.[1] A district court lacks jurisdiction to consider a second or successive § 2255 motion unless the Court of Appeals has granted the defendant permission to file same. *United States v. Johnson*, 303 Fed. App'x 241, 242 (5th Cir. 2008) (unpublished) (citing *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000)). A second or successive motion will only be authorized by the Court of Appeals if it is based on newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or "a new rule of law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). When faced with an unauthorized second or successive § 2255 motion, some district courts opt to transfer the matter to the Fifth Circuit for a determination of whether the petitioner should be allowed to proceed, pursuant to *In re Epps*, 127 F.3d 364 (5th Cir. 1997). However, transfer is not mandatory and *Epps* instead "merely adopts a procedure to be used when a district court determines that transfer is appropriate." *Byrd*, 2016 WL 6538506 at *3.

Here no transfer warranted, as Simon has not shown a basis for the Fifth Circuit's certification under § 2255(h). He points to no new evidence and his *Johnson* argument is based on a misreading of the case.

---

[1] "Second or successive" is a "term of art" in federal habeas law. *In re Lampton*, 667 F.3d 585, 587–88 (5th Cir. 2012). This term "does not encompass all applications filed second or successively in time," but instead "must be interpreted with respect to the judgment challenged." *Id.* (citing *Magwood v. Patterson*, 130 S.Ct. 2788, 2796–97 (2010)) (internal quotations omitted). However, with respect to applications challenging the same judgment, one "filed after a previous application was fully adjudicated on the merits is a second or successive application . . . even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 774 n. 7 (5th Cir. 1999) (citing *Felker v. Turpin*, 116 S.Ct. 2333 (1996)).

When an action is dismissed as time-barred, that dismissal operates as an adjudication on the merits for the purposes of this inquiry. *See United States v. Byrd*, 2016 WL 6538506, at *1 n. 1 (W.D. La. Oct. 3, 2016) (and cases cited therein). Thus this court's ruling on Simon's first § 2255 motion operates as an adjudication on the merits and the instant motion is second and successive.

The ACCA provides for a penalty enhancement, like the one received by Simon, for defendants who violate 18 U.S.C. § 922(g) and are found to have three previous convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Simon argues that he is entitled to relief based on the Supreme Court's decision in *Johnson*, supra, 135 S.Ct. 2551 (2015), which was made retroactively applicable to cases on collateral review in *United States v. Welch*, 136 S.Ct. 1257 (2016). In *Johnson* the Court held that a portion of the statutory definition of a "violent felony" in the ACCA's "residual clause," at § 924(e)(2)(B)(ii), was unconstitutionally vague, meaning that a sentence enhancement based on that provision violated a defendant's right to due process. 135 S.Ct. at 2563. However, it left other provisions of the ACCA intact, including the remainder of the statute's definition of a violent felony as well as its entire definition of a "serious drug offense." *Id.*; *see, e.g.*, *In re Sargent*, 837 F.3d 675, 677 (6th Cir. 2016) ("*Johnson* invalidated only the residual clause of the ACCA's definition of a violent felony; it did not invalidate the enumerated felony clause or any portion of the definition of a 'serious drug offense.'").

Simon maintains that he is entitled to relief because "a drug conviction under La.revised Code cannot qualify under 18 U.S.C. § 924(e), armed career offender statute as a predicate 'serious drug offense'." Doc. 76, p. 2. He cites no authority for this assertion and indeed there is none to be found under *Johnson*. Additionally, the government's exhibits in response to his prior § 2255 motion show that he was convicted of three counts of distribution of cocaine, arising from separate occasions, which would clearly qualify as serious drug crimes under the ACCA. *See* doc. 50, att. 2. Accordingly, Simon cannot show that *Johnson* has any application to the penalty enhancement he received and there is no basis for transferring this matter to the Fifth Circuit for authorization of a successive motion.

## III.
### CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that the instant second and successive § 2255 motion be **DISMISSED WITHOUT PREJUDICE** as a successive § 2255 motion filed without prior authorization from the Fifth Circuit.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir.  1996).

In accordance with Rule 11(a) of the Rules Governing Section 2255 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.  *See* 28 U.S.C. § 2253(c)(2).  A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE this 25th day of March, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE